THERESA CRAWFORD TATE, 161072
CRAWFORD & BANGS, LLP
1290 E. Center Court Drive
Covina, CA 91724-3600
Telephone (626) 915-1641, Ext 203
Facsimile (626) 332-5604
Direct Dial (626) 858-4203
E-Mail: ttate@builderslaw.com
Our File No. 5220.01

JS-6

Attorneys for Plaintiff, Elite Air Conditioning Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States, For the Use of Elite Air Conditioning, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>BVB Construction, Inc.; The Hanover Insurance Company; and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. 5:18-cv-01956 MWF (SPx)<br>Judge Michael W. Fitzgerald<br><br>ORDER ON STIPULATION TO ARBITRATE AND STAY PENDING ARBITRATION |

Plaintiff ELITE AIR CONDITIONING, INC. ("ELITE AIR") and Defendant BVB CONSTRUCTION, INC. ("BVB"), have stipulated to the following:

1. BVB was the general contractor on a construction project with Owner, United States of America, through the Federal Aviation Administration, more particularly identified and known as Project Number WP-16-01461, located at 2555 E. Avenue P, Palmdale, California 93550 ("Project").

2. Plaintiff ELITE AIR was a subcontractor to BVB and provided construction labor and materials to the Project.

3. On or about September 7, 2016, BVB and ELITE AIR entered into a written Subcontract Agreement, under which ELITE AIR agreed to perform HVAC

1

work at the Project as outlined in Exhibit "A" scope of work attached to the Subcontract Agreement.

4. The written Subcontract Agreement contains a provision which requires BVB and ELITE AIR to arbitrate Project-related disputes if elected by BVB in its sole discretion. Specifically, the "DISPUTE RESOLUTION PROCESS" section 38, provides as follows:

> "F. All claims, disputes and other matters in question between the Contractor and the Subcontractor arising out of or related to this Agreement or the breach thereof, except as specifically governed by the foregoing provisions and except for claims which have been waived by the making and acceptance of final payment shall be decided by arbitration in accordance with the Construction Industry Arbitration rules of the American Arbitration Association, at the sole discretion of the Contractor. If a demand for arbitration is filed by the Subcontractor, the Contractor will advise the Subcontractor within thirty (30) days after receipt of such a demand for arbitration if the Contractor exercises the option to arbitrate or rejects arbitration; such election, once made, shall be binding. The filing of a demand for arbitration by the Contractor shall be deemed an election to arbitrate and shall constitute the exercise of the option of the Contractor to proceed with arbitration. The Contractor may consolidate arbitration with the Owner, Owner's representative any other subcontractor, or any other party having an interest in the proceeding."

5. On September 13, 2018, ELITE AIR filed a Complaint in the U.S. District Court, Central District of California, stating causes of action for (1) Miller Act Bond, (2) Common Counts, and (3) Breach of Contract against Defendants BVB and The Hanover Insurance Company.

6. On November 19, 2018, Defendant BVB filed a Motion to Dismiss seeking to enforce the parties' arbitration clause in the Subcontract Agreement as

ORDER ON STIPULATION TO ARBITRATE AND REQUEST FOR STAY

identified above in paragraph 4.

7. Therefore, ELITE AIR and BVB hereby stipulate and agree to submit all claims between them arising out of the contract to arbitration with the American Arbitration Association ("AAA") under the Construction Industry Arbitration Rules.

8. Further, ELITE AIR and BVB hereby stipulate and request that the U.S. District Court issue a stay of the Miller Act Bond claim against Defendant The Hanover Insurance Company, pending completion of AAA binding arbitration of all claims between ELITE AIR and BVB arising out of or related to the written Subcontract Agreement and the PROJECT.

**IT IS HEREBY ORDERED** that pursuant to the Parties' Stipulation and for good cause, the Parties are ordered to arbitration on the breach of contract claim and this matter shall be stayed until completion of arbitration.

IT IS FURTHER ORDERED that the parties shall file a status report on the arbitration every 120 days, beginning April 12, 2019.

Dated: December 11, 2018

_____
HONORABLE MICHAEL W. FITZGERALD